[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12755
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20864-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAIN ARTILES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 17, 2015)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Alain Artiles appeals his 70-month, within-guideline range sentence for bank robbery, in violation of 18 U.S.C. § 2113(a).  On appeal, Defendant argues that his sentence is substantively unreasonable because the district court did not adequately account for certain mitigating 18 U.S.C. § 3553(a) factors.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first to whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1]  *Id.*  Although in choosing the sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately.  *United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006).  The party challenging the sentence bears the burden of showing that it is unreasonable.  *Pugh*, 515 F.3d at 1189.  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

Here, Defendant has identified no procedural errors nor has he shown that his sentence is substantively unreasonable. Defendant's 70-month sentence is at the low end of the advisory guidelines range of 70 to 87 months' imprisonment and well below the 20-year statutory maximum under 18 U.S.C. § 2113(a). *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

Contrary to Defendant's argument, the record reflects that the district court did consider the nature of the offense and Defendant's personal circumstances, including his own and his family's history of mental illness and substance abuse; the unsophisticated nature of his offense and the fact that he was not actually carrying a weapon; and Defendant's assistance in solving a New Jersey bank robbery by confessing that he had committed that crime. Defendant asserted these mitigation arguments in his sentencing memorandum and at his sentencing hearing. In imposing sentence, the district court explicitly acknowledged that it had heard and considered the parties' arguments and concluded that Defendant's arguments

3

were insufficient to warrant a downward variance.  The district court was not required to explicitly address each of Defendant's mitigation arguments.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  In any event, the district court did explicitly address Defendant's assistance in solving the New Jersey robbery.  While this assistance did not warrant a downward variance, the district court determined that Defendant should be given some credit for his cooperation and the court imposed a lesser sentence than the 74-month sentence advocated by the government.

Moreover, we discern no abuse of discretion by the district court when it denied Defendant's request for a downward variance after concluding that the alleged mitigating factors were outweighed by Defendant's criminal history and the nature of the offense.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating that "[t] he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)).  In carrying out his two bank robberies, Defendant had handed the tellers a note in which he claimed he had a gun, demanded money, and insisted on no dye packs.  His demand succeeded as the tellers gave him the requested money.  While Defendant did not actually display a weapon during these two bank robberies, the bank tellers did not know that his claimed possession of a gun might not have been true and they were presumably frightened.  Defendant also has a long and violent

4

criminal history, including convictions for aggravated assault with a deadly weapon, theft and criminal trespass after breaking into vehicles, and burglary of an occupied apartment.

For all these reasons, Defendant has not carried his burden to show that his 70-month sentence is substantively unreasonable.

**AFFIRMED.**